**Dorothy Lou LONDE, Respondent,**

v.

**Alan M. LONDE, Appellant.**

**No. 42904.**

Missouri Court of Appeals, Eastern District, Division Two.

March 30, 1982.

Bernard J. Mellman, St. Louis, for respondent.

Charles P. Todt, Clayton, for appellant.

SIMON, Judge.

An appeal from the trial court's modification of child support award.

Appellant ("Father") and respondent ("Mother") were divorced on April 10, 1975. Pursuant to the dissolution, Mother was awarded $1000 as maintenance and support of $417 per child per month.

The Mother filed a Motion to Modify seeking an increase in the monthly child support award. The Father filed a Cross Motion to Modify seeking a reduction in the child support award. The trial court sustained the Mother's motion, in part, and increased the monthly support for one son to $717 per month retroactive to the date of the filing of the motion. The Father's motion was denied. Following the denial of his motion for a new trial, the Father appealed.

Subsequently, the Mother filed a motion for attorney's fees and costs on appeal. The trial court awarded Mother $2000 for attorney's fees on appeal and retained jurisdiction to supplement this award prior to final determination of the suit.

On appeal, the Father alleges the following points of error: (1) the Mother failed to meet the burden of proof required to sustain her Motion to Modify; (2) the trial court should not have entertained the Mother's motion since it was the subject matter of a previously filed suit which sought to recover past college expenses incurred by the Mother; (3) the trial court ordered the increase in support to be retroactive to the date of the filing of the motion; (4) the Father met the burden of proof required to sustain his motion to reduce child support; (5) the trial court had no jurisdiction to modify the support award of the original decree because it was contractual rather than decretal; and (6) the trial court abused its discretion or, alternatively, was without jurisdiction to award attorney's fees and costs on appeal.

At trial the Mother alleged that due to the growth of the children, the inflationary cost of living and the attendance of one son at an out-of-town college, a change in circumstances has occurred so substantial and continuing as to make the terms of the original decree unreasonable. The Father alleged that the Mother's income has increased, her financial situation has improved, his financial condition has worsened and that the son is away at school and less support is required.

Having carefully reviewed the record and considered each of the points raised, we find that the trial court's judgment is supported by substantial evidence and is not against the weight of the evidence. Further, the trial court did not erroneously declare or apply the law. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

An extended discussion would be of no precedential value. Rule 84.16.

Judgment affirmed.

DOWD, P. J., and GUNN, J., concur.